IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 05-cv-01197-MSK-MJW

LLOYD DIXON, JR.,

　　　　　　Plaintiff,

v.

OFFICE DEPOT, INC.,

　　　　　　Defendant.

---

## ORDER GRANTING MOTION FOR SUMMARY JUDGMENT, AND DIRECTING THE CLERK OF COURT TO CLOSE THIS CASE

---

THIS MATTER comes before the Court on the Defendant's Motion for Summary

Judgment **(#23)** and supporting brief **(#24)**, to which the Plaintiff responded **(#29)** and the

Defendant replied **(#32)**.  Having considered the same, the Court finds and concludes as follows.

### I.  Jurisdiction

The Court exercises subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

### II. Issue Presented

The Plaintiff, Lloyd Dixon, Jr., asserts two claims of discrimination against the Defendant,

Office Depot, Inc.  Claim 1 alleges that Office Depot discriminated against him because he is

black.  Claim 2 alleges that Office Depot discriminated against him because of his age.  Both

claims are premised upon alleged critical remarks made by a store manager, negative performance

evaluations, and the failure to provide Mr. Dixon with assistance or training opportunities.  The

issue presented is whether a trial is required on either claim.

### III.  Material Facts

Based upon the evidence submitted by the parties, which the Court construes most favorably to the Plaintiff, Lloyd Dixon, Jr., the Court finds for purposes of this motion that:

1. Mr. Dixon is a 56-year old black male who has been employed by Office Depot since 2000.

2. Between 2000 and September 15, 2003, Mr. Dixon received favorable performance evaluations for the work he performed.

3. Mr. Dixon was then transferred to another store.  At the new store, he felt that the manager, Shirley Jones, treated him differently than non-black, younger employees, and he perceived that she spoke to him in a condescending manner.

4. Ms. Jones gave Mr. Dixon several performance evaluations which characterized him as "needing improvement."  These performance evaluations were less favorable than those he had received at the previous store.

5. According to the Office Depot Employee Handbook, performance appraisals are considered, along with "Company guidelines," as the basis for any salary adjustment.

6. While working at the new store, Mr. Dixon received no increase in his salary. There is no evidence that Mr. Dixon requested a raise in pay.  There also is no evidence of what his salary was at the new store,  how it compared with the salaries he earned at the previous store, or how it compared with the salaries of other employees at the new store.

7. Mr. Dixon believes that he received less training after he was transferred to the new store.  He also believes that a non-black employee was provided more training than he was provided.

8.      Mr. Dixon decided not to apply for any promotions because he thought it would be futile in light of his performance evaluations.

### IV.  Standard of Review

Rule 56 of the Federal Rules of Civil Procedure facilitates the entry of a judgment only if no trial is necessary.  *See White v. York Intern. Corp.*, 45 F.3d 357, 360 (10th Cir. 1995). Summary adjudication is authorized when there is no genuine dispute as to any material fact and a party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  Substantive law governs what facts are material and what issues must be determined.  It also specifies the elements that must be proved for a given claim or defense, sets the standard of proof and identifies the party with the burden of proof.  *See Anderson v. Liberty Lobby*, *Inc.*, 477 U.S. 242, 248 (1986); *Kaiser-Francis Oil Co. v. Producer's Gas Co.*, 870 F.2d 563, 565 (10th Cir. 1989).  A factual dispute is "genuine" and summary judgment is precluded if the evidence presented in support of and opposition to the motion is so contradictory that, if presented at trial, a judgment could enter for either party.  *See Anderson*, 477 U.S. at 248.  When considering a summary judgment motion, a court views all evidence in the light most favorable to the non-moving party, thereby favoring the right to a trial.  *See Garrett v. Hewlett Packard Co.*, 305 F.3d 1210, 1213 (10th Cir. 2002).

If the movant has the burden of proof on a claim or defense, the movant must establish every element of its claim or defense by sufficient, competent evidence.  *See* Fed. R. Civ. P. 56(e). Once the moving party has met its burden, to avoid summary judgment the responding party must present sufficient, competent, contradictory evidence to establish a genuine factual dispute.  *See Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991); *Perry v. Woodward*, 199 F.3d 1126, 1131 (10th Cir. 1999).  If there is a genuine dispute as to a material

fact, a trial is required.  If there is no genuine dispute as to any material fact, no trial is required.

The court then applies the law to the undisputed facts and  enters judgment.

If the moving party does not have the burden of proof at trial, it must point to an absence

of sufficient evidence to establish the claim or defense that the non-movant is obligated to prove.

If the respondent comes forward with sufficient competent evidence to establish a *prima facie*

claim or defense, a trial is required.  If the respondent fails to produce sufficient competent

evidence to establish its claim or defense, the claim or defense must be dismissed as a matter of

law.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

### V.  Analysis

Neither of Mr. Dixon's claims is premised upon direct evidence of discrimination.

Therefore, to establish a *prima facie* case of discrimination, either on the basis of race or age, Mr.

Dixon must present sufficient competent evidence that: (1) he is a member of a protected class

(*i.e.*, a racial minority or over the age of 40); (2) he was qualified for the position he occupied and

satisfactorily performing his job; (3) he suffered an adverse employment action; and (4) such

adverse action occurred in circumstances giving rise to an inference of discrimination.  *St. Mary's*

*Honor Center v. Hicks*, 509 U.S. 502, 506 (1993); *Salguero v. City of Clovis*, 366 F.3d 1168,

1175 (10th Cir. 2004); *Sorbo v. United Parcel Service,* 432 F.3d 1169, 1173 (10th Cir. 2005).

Office Depot challenges Mr. Dixon's ability to produce evidence of an adverse employment action

or an inference of discrimination.

The Tenth Circuit liberally defines adverse employment action.  *See Jeffries v. State of*

*Kan.*, 147 F.3d 1220, 1232 (10th Cir. 1998).  Whether there has been an adverse employment

action depends upon the facts in a given case.  *See Wells v. Colorado Dept. of Transp.*, 325 F.3d

1205, 1212-13 (10th Cir. 2003).  The term adverse employment action "does not extend to a

mere inconvenience or an alteration of job responsibilities."  *See id.*  Rather, for an employer's

conduct to amount to an adverse employment action, it must be "materially adverse to the

employee's job status."  *See id.* at 1213.  Adverse employment actions include "hiring, firing,

failing to promote, reassignment with significantly different responsibilities, or a decision causing

a significant change in benefits."  *See Aquilino v. University of Kansas*, 268 F.3d 930, 934 (10th

Cir. 2001); *see also Haynes v. Level 3 Communications, LLC,* 456 F.3d 1215, 1224 (10th Cir.

2006), *petition for cert. filed*, (Nov. 3, 2006) (No. 06-638) (poor performance evaluation is not

an adverse employment action unless it results in a significant change in a plaintiff's employment

status or benefits).

Construing the evidence most favorably to Mr. Dixon, after he was transferred to the new

store, he received unfavorable performance evaluations, did not receive a wage increase, received

less training than other employees, and was supervised by a person who he perceived was

condescending and treated him differently than other non-black employees.  However, there is no

evidence that his performance evaluations at the new store, his reduced training or anything else

of which he complains actually resulted in any change in his compensation or benefits.  There is no

evidence that he requested, but was denied, a raise in pay, nor is there any evidence that he was

denied a salary increase solely because of his performance evaluations.  There also is no evidence

that his compensation was inappropriate when compared with his salary at the previous store nor

in comparison to the salaries of other employees at the new store.  Indeed, there is no evidence of

what his salary at the new store was.  In short, there is nothing that correlates Mr. Dixon's salary

to any other evidence or to the claims asserted..  Therefore, despite his complaints, Mr. Dixon has

identified no adverse employment action which would support either of his claims of

discrimination.

**IT IS THEREFORE ORDERED** that the Defendant's Motion for Summary Judgment

**(#23)** is **GRANTED**.  Judgment shall enter in favor of the Defendant on the Plaintiff's claims.

The Clerk of Court is directed to close this case.

Dated this 15th day of November, 2006

**BY THE COURT:**

Marcia S. Krieger
United States District Judge